WILLIAM G. PIKE, Plaintiff, *v.* BALMAR CONSTRUCTION Co., INC., Defendant and Third-Party Plaintiff. NORWOOD STEEL AND IRON WORKS, INC., Third-Party Defendant.

Supreme Court, Special Term, Kings County, July 20, 1951.

*Frederick M. Garfield* for defendant and third-party plaintiff.

*Bernard Katzen* for third-party defendant.

BARTELS, J. Motion by the third-party plaintiff to modify a demand for a bill of particulars served by the third-party defendant. The original action was instituted by the plaintiff against defendant (third-party plaintiff) to recover for personal injuries due to the alleged negligence of defendant. The action over by the third-party plaintiff, a general contractor, is against the third-party defendant, a subcontractor, on the ground of common-law indemnity. In support of the motion the third-party plaintiff, in effect, argues that in a negligence action the defendant is not entitled to the particulars here demanded. The basis of the third-party action is contractual in the nature of indemnification and the usual rules applicable to bills of particulars in negligence actions are not applicable here. The third-party defendant is entitled to the particulars of the claims of the third-party plaintiff (see *Stiso* v. *165 Broadway Bldg.*, N. Y. L. J., March 9, 1951, p. 857, col. 7, affd. 278 App. Div. 904). Accordingly, the motion is denied with respect to each of the items except that in item 2(b) the word " details " is to be changed to " nature ", in item 3(e) the words " and the extent of such permanency " are to be deleted, and the words " and itemize " are to be deleted from item 4(a). With respect to items 7(a), 7(b), 7(c), 7(d) and 7(e), which have been consented to, the motion is granted. Settle order on notice.